| iLEMMON, Justice,
dissenting.
After allowing his client’s claim to prescribe, respondent told his client that her “claim had passed and it was my fault that it had passed.” He proposed to make restitution to the client on a periodic payment basis for the value, as estimated by respondent, of the client’s claim. Respondent should have, but did not, advise the client that she (the client) might consult another attorney to evaluate the claim.[1] Plaintiff then proceeded to pay the amount of $5,000 over two years.
Respondent’s failure to advise the client that she might seek an independent evaluation of the claim was mitigated by his inexperience in the practice of law and his free disclosure to disciplinary counsel and cooperation in the disciplinary proceeding. Moreover, the generous evaluation of the claim for purposes of restitution militates against findings by the hearing committee and disciplinary board of dishonest and selfish motive, vulnerability of the victim, and refusal to acknowledge wrongful conduct as aggravating circumstances.
Under these circumstances, a public reprimand, combined with a twelve-month period of supervised probation, is an adequate penalty for the misconduct proved in this case.

. Indeed, as indicated by the attorney for the employer, the value of the claim estimated by the respondent for restitution purposes was very generous.